# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

| | | |
|---|---|---|
| PAUL FISHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. 3:09-CV-369 |
| | ) | |
| LAPORTE COUNTY JAIL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **OPINION AND ORDER**

This matter is before this Court *sua sponte* pursuant to 28 U.S.C. Section 1915A. For the reasons set forth below, this Court **GRANTS** the Plaintiff leave to proceed against the LaPorte County Sheriff and **DISMISSES** the remaining Defendants.

BACKGROUND

Plaintiff, Paul Fisher, a prisoner confined at the LaPorte County Jail, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, alleging that the LaPorte County Sheriff and inmates at the jail violated his federally protected rights. The court struck the original complaint, and the Plaintiff filed an amended complaint stating his claims in more detail. The amended complaint names the Sheriff Mike Mollenhauer, the LaPorte County Jail, and jail inmates Coleman Merwin and Jarrett Derrick as defendants, and alleges that jail officials did not protect him from being attacked and injured by Merwin and Derrick. Counsel has now entered an appearance for

the Plaintiff.

DISCUSSION

Pursuant to 28 U.S.C. section 1915A(a), this Court shall review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The court must dismiss an action against a governmental entity or officer or employee of a governmental entity if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(b). Courts apply the same standard under section 1915A as when addressing a motion under Rule 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotation marks and citations omitted).

According to the amended complaint, "on June 1st 2009, and June 2nd 2009, I Paul Fisher was repeatedly attacked and physically

2

assaulted resulting in bodily injury." (DE 11-1 at 3). The Plaintiff alleges that jail officials were "informed as to what had happened and they refused to defuse the problem." (*Id.*).

Fisher brings this action under 42 U.S.C. section 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Burrell v. City of Mattoon*, 378 F.3d 642 (7th Cir. 2004). To state a claim under section 1983, a plaintiff must allege violation of rights secured by the Constitution or laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every section 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

Fisher asserts that jail officials failed to protect him from being attacked and injured by other inmates. When addressing claims brought under section 1983, analysis begins by identifying the specific constitutional right allegedly infringed by defendants. *Graham v. Conner*, 490 U.S. 386, 394 (1989). The Eighth Amendment protects convicted prisoners from cruel and unusual punishments. *Bell v. Wolfish*, 441 U.S. 520, 537 n. 16 (1979); *Robinson v. Moses*, 644 F.Supp. 975 (N.D. Ind. 1986). The rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause, *Bell*, 441 U.S. at 537 n. 16.

Because the Plaintiff was a pretrial detainee when Merwin and Derrick attacked him, this Court will consider his claim as a Fourteenth Amendment claim. But "there is little practical difference between the standards utilized under the two amendments." *Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir. 2001), *citing Weiss v. Cooley*, 230 F.3d at 1032. "An act or practice that violates the eighth amendment also violates the due process rights of pretrial detainees." *Martin v. Tyson*, 845 F.2d 1451, 1457 (7th Cir. 1988).

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991).

Prison and jail officials "have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer*, 511 U.S. at 833, *quoting Cortes-Quinones v. Jimenez-Nettleship*, 842 F.2d 556, 558 (1st Cir. 1988). Deliberate indifference in such circumstances is defined as "criminal recklessness," *Id*, 511 U.S. at 839-840. An "official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and

disregards that risk by failing to take reasonable measures to abate it." *Id.* 511 U.S. at 847.

Deliberate indifference is shown by "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992), *citing McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991). The defendant "must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." *Farmer*, 511 U.S. at 836. A defendant must have "actual knowledge of impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Duckworth v. Franzen*, 780 F.2d 645, 653 (7th Cir.), *cert. denied*, 479 U.S. 816 (1986); *see Sellers v. Henman*, 41 F.3d 1100 (7th Cir. 1994); *Duane,* 959 F.2d at 677. This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d at 347; *King v. Fairman*, 997 F.2d 259, 262 (7th Cir. 1993).

"Fed. R. Civ. P. 8 establishes a system of notice pleading," and a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998), *quoting Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Giving Fisher the benefit of the inferences

5

to which he is entitled at the pleadings stage, this Court cannot say no relief could be granted against jail officials under any set of facts that could be proved consistent with his failure to protect allegations.

Accordingly, this Court will allow Fisher to proceed against Sheriff Mollenhauer in his official and individual capacities. This Court advises the Plaintiff that the doctrine of *respondeat superior*, under which a supervisor may be held liable for an employee's actions, has no application to § 1983 actions. *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 822 (7th Cir. 2009). Accordingly, if the Plaintiff has claims that jail officials other than the sheriff were responsible for failing to protect him, he must amend his complaint to add those officials as defendants.

The amended complaint names the inmates who attacked Fisher as defendants. But to state a claim under section 1983, it is essential that the person who committed the alleged wrongful conduct was "acting under color of state law." *Parratt v. Taylor*, 451 U.S. 527, 536 (1981). If the person did not act "under color of state law," the action against him must be dismissed. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982). The United States Supreme Court defined the phrase "acting under color of [state] law" as "misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law . . . ." *Monroe v. Pape*, 365 U.S. 167, 184 (1961) (citations omitted). The purpose of section 1983 is to deter state

actors, and private individuals in collaboration with state officials, from using a "badge of authority" to deprive individuals of rights guaranteed by the Constitution. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992).

Even though they are in state custody, state prisoners generally do not "act under color of state law." There are circumstances under which a prisoner may act in conjunction with state actors and thereby become a proper section 1983 defendant. *See Dennis v. Spark*, 449 U.S. 24 (1980). But an inmate who assaults another inmate without more is not a state actor and may not be a defendant in a section 1983 action. Fisher may be able to sue Merwin and Derrick in state court for battery, but he may not maintain an action against them in this court.

Fisher also names the LaPorte County Jail as a defendant, but he may not proceed against the jail in this action. Section 1983 imposes liability on any "person" who violates an individual's federally protected rights "under color of state law." A jail is a building, and "is not a 'person' — it is not a legal entity to begin with." *Powell v. Cook County Jail,* 814 F.Supp. 757, 758 (N.D. Ill. 1993).

CONCLUSION

For the foregoing reasons, pursuant to 28 U.S.C. section 1915A(b), the court:

    (1) **GRANTS** the Plaintiff leave to proceed against Sheriff

Mike Mollenhauer in his official and individual capacities for damages on his Fourteenth Amendment claim that jail officials failed to protect him from being attacked and injured by other inmates;

(2) **DISMISSES**, pursuant to 28 U.S.C. section 1915(b), all other Defendants; and

(3) Pursuant to 42 U.S.C. section 1997e(g)(2), **ORDERS** that Defendant Mollenhauer respond to the complaint as provided for in the Federal Rules of Civil Procedure.

**DATED: January 11, 2010** /S/RUDY LOZANO, Judge
United States District Court