```
IN THE UNITED STATES DISTRICT COURT
   FOR THE NORTHERN DISTRICT OF INDIANA
            SOUTH BEND DIVISION
```

```
PAUL FISHER,                    )
                                )
Plaintiff,                      )
                                )
    vs.                         )   CAUSE NO. 3:09-CV-369
                                )
LAPORTE COUNTY JAIL, et al.,    )
                                )
Defendants.                     )
```

## OPINION AND ORDER

This matter is before the Court on Defendant, Sheriff Michael Mollenhauer's, Motion for Judgment on the Pleadings, pursuant to Fed. R. Civ. P. 12(c), filed on October 11, 2010. For the reasons set forth below, the Court **DENIES** the Defendant's motion for judgment on the pleadings.

BACKGROUND

Plaintiff, Paul Fisher ("Fisher"), filed a *pro se* complaint pursuant to 42 U.S.C. section 1983, alleging that the LaPorte County Sheriff and inmates at the LaPorte County Jail violated his federally protected rights while he was confined at the jail. The court struck the original complaint, and the Plaintiff filed an amended complaint stating his claims in more detail. The amended complaint named Sheriff Mike Mollenhauer, the LaPorte County Jail, and jail inmates Coleman Merwin and Jarrett Derrick as defendants, and alleged that jail officials did not protect Fisher from being

attacked and injured by Merwin and Derrick.

The Court screened the amended complaint pursuant to 28 U.S.C. section 1915(b) and granted the Plaintiff leave to proceed against LaPorte County Sheriff Mike Mollenhauer in his official and individual capacities for damages on his claim that jail officials failed to protect him from being attacked and injured by other inmates. The Court dismissed all other defendants.

DISCUSSION

Once the pleadings are closed, a party may file a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). Judgment on the pleadings may be granted if the pleadings show that there are no disputed issues of material fact and that the moving party is entitled to judgment as a matter of law.

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right . . . [and] . . . he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim

2

> has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotation marks and citations omitted).

According to the amended complaint, "on June 1st 2009, and June 2nd 2009, I . . . was repeatedly attacked and physically assaulted resulting in bodily injury." (DE 11-1 at 3). The Plaintiff alleges that jail officials were "informed as to what had happened and they refused to defuse the problem." (*Id.*).

In his memorandum supporting his motion for judgment on the pleadings, Sheriff Mollenhauer argues that this Court should construe Fisher's pleading strictly against him, and dismiss the amended complaint. But courts must construe *Pro* se pleadings liberally in a plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519 (1972) (Courts must construe the complaint with great deference to a *pro se* party); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (Documents filed *pro se* are liberally construed, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers").

Fed. R. Civ. P. 8 "establishes a system of notice pleading," and a complaint may not be dismissed at the pleadings stage "unless no relief could be granted under any set of facts that could be proved consistent with the allegations. *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998)(quotation marks and citations omitted). A claim that has facial plausibility may not be dismissed at the pleadings stage. *Ashcroft v. Iqbal*, 129 S. Ct. at 1949-50. These are the standards this Court applied when it screened Fisher's amended complaint, and the Court must also apply these standards to the Defendants' motion for judgment on the pleadings.

Sheriff Mollenhauer asks the Court to dismiss the personal capacity claims against him because "the doctrine of *respondeat superior* cannot be used to impose liability on a supervisor for the actions or omission[s] of a subordinate." (DE 49 at 4). The Court applied this standard in its screening order, noting that "the doctrine of *respondeat superior*, under which a supervisor may be held liable for an employee's actions, has no application to section 1983 actions. *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 822 (7th Cir. 2009)." (DE 20 at 6).

Sheriff Mollenhauer asserts that "[t]he amended complaint filed by the Plaintiff makes an inference that the Laporte County Jail Staff violated his rights." (DE 49 at 4). He then argues that "Mollenhauer is the 'jail staff's' supervisor." (DE 49 at 5).

4

It is true that under Indiana law, a county jail is under the supervision of the county sheriff. The responsibility of administering and operating the jail is placed solely on the sheriff, and the sheriff is responsible for the care of the prisoners confined there. Ind. Code § 36-2-13-5(a)(7); *Weatherholt v. Spencer County*, 639 N.E.2d 354, 356-57 (Ind. App. 1994). But construing the amended complaint with deference to the Plaintiff, as the Court is required to do at the pleadings stage, the sheriff is also a member of the jail staff, and giving the Plaintiff the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that a claim against "jail staff" or "jail officials" would never include the sheriff.

Next, Sheriff Mollenhauer asserts that "[n]othing in the Complaint presents facts or an inference that Sheriff Mollenhauer: (1) was aware of the jail staff's conduct, (2) approved or facilitated the jail staff's conduct, or (3) acted with knowing or deliberate, reckless indifference with regard to the Plaintiff's Constitutional rights." (DE 49 at 5). But again, Sheriff Mollenhauer asks the court to construe Fisher's amended complaint strictly against him. This, however, is exactly the opposite of how the courts are required to assess *pro se* complaints. Pursuant to *Haines v. Kerner* and *Erickson v. Pardus*, the court must conclude that nothing in the amended complaint presents facts or an inference that Sheriff Mollenhauer: (1) was not aware of the jail

5

staff's conduct, (2) did not approve or facilitate the jail staff's conduct, or (3) did not act with knowing or deliberate, reckless indifference with regard to the Plaintiff's Constitutional rights.

Accordingly, the Court will deny the Defendant's motion for judgment on the pleadings on the personal capacity claim against him for the same reason it allowed that claim to go forward when it screened the amended complaint pursuant to Section 1915A. That is, giving Fisher the benefit of the inferences to which he is entitled at the pleadings stage, he has stated a claim that has facial plausibility because the Court could draw a reasonable inference from the amended complaint that the Defendant is liable for the misconduct alleged.

Sheriff Mollenhauer also argues that he is entitled to the dismissal of the official capacity claim against him. An official capacity damage claim against a municipal official "is not a suit against the official as an individual; the real party in interest is the entity." *Wilson v. Civil Town of Clayton, Indiana*, 839 F.2d 375, 382 (7th Cir. 1988). For liability to attach under this theory a Plaintiff must establish that municipal policymakers made "a deliberate choice" among various alternatives and that the injury was caused by the policy. *Id.* Sheriff Mollenhauer correctly notes in his memorandum of law that:

> A "custom" or "policy" can take one of three forms: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice, that, although not authorized by written law or express

6

> municipal policy, is so permanent and well-settled as to constitute a "custom or usage" with force of law; or (3) **an allegation that the constitutional injury was caused by a person with final policy-making authority.**

DE 49 at 6 (emphasis added).

If the sole defendant in this case were a custody officer at the jail, rather than the sheriff, this Court would not have allowed an official capacity damage claim to survive screening under section 1915A. But Defendant Mollenhauer is the LaPorte County Sheriff, and in Indiana the sheriff is the person with final policy making authority concerning the operation of the county's jail. Ind. Code § 36-2-13-5(a)(7); *Weatherholt*, 639 N.E.2d at 356-57. The Court has declined to dismiss Sheriff Mollenhauer in his personal capacity because it cannot preclude the possibility that a decision by Sheriff Mollenhauer caused Fisher's injury. And because the Court cannot preclude the possibility that a decision by the Sheriff Mollenhauer caused Fisher's injury, it also cannot dismiss Fisher's official capacity damage claims against Sheriff Mollenhauer.

CONCLUSION

For the foregoing reasons, the Court **DENIES** the Defendant's motion for judgment on the pleadings. [DE 48].

**DATED: December 21, 2010**          /S/RUDY LOZANO, Judge
                                      **United States District Court**