# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| PAUL FISHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 3:09-CV-369 |
| | ) |
| LAPORTE COUNTY JAIL, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on the Plaintiff's motion for leave to file a second amended complaint and for screening his second amended complaint pursuant to 28 U.S.C. section 1915A. For the reasons set forth below, the Court **GRANTS** the Plaintiff's motion for leave to file an amended complaint, **GRANTS** him leave to proceed against Captain Bell and Sergeant Hackett in their individual capacities on his Fourteenth Amendment claim that they failed to protect him from being attacked and injured by other inmates, and **DISMISSES** the remaining claims and Defendants.

BACKGROUND

Plaintiff, Paul Fisher, a prisoner currently confined at the Westville Correctional Facility, filed a *pro se* complaint pursuant to 42 U.S.C. section 1983 dealing with events that occurred at the LaPorte County Jail while he was confined there in 2009 as a pretrial detainee. The Court struck the original complaint, and the Plaintiff filed an amended complaint, which the Court screened

and allowed the Plaintiff to proceed against Sheriff Mike Mollenhauer. In his second amended complaint, the Plaintiff names Sheriff Mike Mollenhauer, Captain Bell, Sergeant Hackett, and three John Doe defendants, alleging that they did not protect him from being attacked and injured by inmates Merwin and Derrick.

DISCUSSION

Pursuant to 28 U.S.C. section 1915A(a), district courts must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Fed. R. Civ. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under section 1915A as when addressing a motion under Rule 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

The pleading standards in the context of a motion to dismiss for failure to state a claim are that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). In the context of *pro se* litigation, the Supreme Court stated that "[s]pecific facts are not necessary" to meet the requirements of Rule 8(a). The Court

further noted that a "document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations and citation omitted).

In his earlier complaints, Fisher alleged that jail officials failed to protect him from being attacked and injured by Merwin and Derrick. The court allowed him to proceed against Sheriff Mollenhauer because giving him the benefit of the inferences to which he was entitled, it could not say that no relief could be granted against the Sheriff under any set of facts that could be proved consistent with his failure to protect allegations.

In his second amended complaint Fisher reiterates his claim that LaPorte County Jail officials failed to protect him from being attacked by Merwin and Derrick, even though they knew those inmates posed a theat to him, and states his claim with more specificity. Fisher alleges that he was attacked by Merwin and Derrick on June 1, 2009, and that several custody officers including Defendants Bell and Hackett came to the unit and investigated the incident. "Jail officials saw the plaintiff's injuries, further the plaintiff informed [Sgt. Hackett, Cpt. Bell and sever[sic] other officer's] that he feared for his safety, that he might be attacked again, and requested to be moved to another unit." (DE 86-1 at 3). But despite these facts, the officers left both Fisher and his assailants on the unit. The next day, Sgt. Hackett told the

3

inmates on the unit:

> that the incident from the previous day was not to be repeated, [then] he ordered all the doors to be opened so that the inmates could eat lunch. Immediately after he left the unit while the doors were still open the plaintiff was again attacked [by the inmates who had assaulted him the previous day] while sleeping with "soap socks."

DE 86-1 at 4.

Fisher alleges that he was severely injured during this attack and "received five [5] staples to close the wound in the back of [his] head and three (3) staples to close the wound in [his] left arm" (DE 86-1 at 4). He asserts that Defendants Bell and Hackett "knew there was a substantial risk that I would be attacked again resulting in serious harm and disregarded that risk by failing to take reasonable measures to abate it." (DE 86-1 at 4).

When addressing claims brought under section 1983, analysis begins by identifying the specific constitutional right allegedly infringed by defendants. *Graham v. Conner*, 490 U.S. 386, 394, (1989). The Eighth Amendment protects convicted prisoners from cruel and unusual punishments. *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979). The rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause. *Id.*

Because the Plaintiff was a pretrial detainee when Merwin and Derrick attacked him, his claims arise under the Fourteenth Amendment. But "there is little practical difference between the standards utilized under the two amendments." *Garvin v. Armstrong*,

4

236 F.3d 896, 898 (7th Cir. 2001), *citing Weiss v. Cooley*, 230 F.3d 1027, 1032. "An act or practice that violates the eighth amendment also violates the due process rights of pretrial detainees." *Martin v. Tyson*, 845 F.2d 1451, 1457 (7th Cir. 1988).

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991).

Prison and jail officials "have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. at 833, *quoting Cortes-Quinones v. Jimenez-Nettleship*, 842 F.2d 556, 558 (1st Cir. 1988). Deliberate indifference in such circumstances is defined as "criminal recklessness." *Id.* at 839-840. An "official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847.

Deliberate indifference is shown by "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm."

5

*Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992), *citing McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991).  A defendant must have "actual knowledge of impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Duckworth v. Franzen*, 780 F.2d 645, 653 (7th Cir.), *cert. denied*, 479 U.S. 816 (1986)(abrogated on other grounds); *see Sellers v. Henman*, 41 F.3d 1100 (7th Cir. 1994); *Duane*, 959 F.2d at 677. This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." *McGill*, 944 F.2d at 347.

"Fed. R. Civ. P. 8 establishes a system of notice pleading," and a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998), *quoting Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  Giving Fisher the benefit of the inferences to which he is entitled at the pleadings stage, he states a viable Fourteenth Amendment failure to protect claim against Defendants Bell and Hackett.

In addition to the named defendants, Fisher seeks to sue three John Doe defendants, who he alleges were custody officers at the jail.  The United States Marshal's office is charged with effecting service of process for inmates confined in state penal institutions. "When the district court instructs the Marshal to serve papers on behalf of a prisoner, the prisoner need furnish no more

than the information necessary to identify the defendant." *Sellers v. United States*, 902 F.2d 598, 602 (7th Cir. 1990). "The Marshals Service needs from the prisoner information sufficient to identify the guard ('John Doe No. 23' won't do)" *Id.* at 602. Because Fisher has not provided the information necessary to identify the Doe defendants in this case, the Marshal can not serve them with process, and the Court cannot acquire personal jurisdiction over them.

> [I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff.

*Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted).

Accordingly, the court will dismiss the Doe defendants. If Fisher is able to identify these officers through discovery, he may seek to amend his complaint to add them as defendants. He must amend his complaint to name them, and he must provide the materials necessary for the Marshals Service to serve them with process.

The second amended complaint also names Sheriff Mollenhauser as a defendant. Section 1983 creates a cause of action for damages based on personal liability; a plaintiff must show a defendant's personal involvement or participation, or direct responsibility for the conditions of which he complains. *Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir. 1986); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). The doctrine of *respondeat superior*, under which a supervisor may be held liable for an employee's actions,

7

has no application to section 1983 actions. *Gayton v. McCoy*, 593 F.3d 610, 622 (7th Cir. 2010).

When it screened the Plaintiff's first amended complaint, the Court permitted him to proceed against Sheriff Mollenhauser. The Court subsequently denied the Sheriff's motion for judgment on the pleadings asserting lack of personal involvement because it could not determine from the amended complaint that he had no personal involvement in the events that led to Fisher being injured.

Fisher's second amended complaint states the facts supporting his claim with more specificity, which establish the involvement of Captain Bell and Sergeant Hackett in the events that led to his being assaulted the second time by Merwin and Derrick. But the second amended complaint does not state facts from which the Court could infer that Sheriff Mollenhauer had any personal knowledge of or direct personal involvement in the events that led to Fisher's being injured by Merwin and Derrick on June 2, 2009. That Sheriff Mollenhauer is Captain Bell and Sergeant Hackett's superior does not make him liable for their actions under the doctrine of *respondeat superior*. *Gayton v. McCoy*, 593 F.3d at 622.

In the proper circumstances, a prisoner could maintain an official capacity claim against Sheriff Mollenhauer. An official capacity damage claim against a municipal official "is not a suit against the official as an individual; the real party in interest is the entity." *Wilson v. Civil Town of Clayton, Indiana*, 839 F.2d 375, 382 (7th Cir. 1988). Municipalities cannot be held liable for damages under section 1983 unless a governmental policy or custom

caused the alleged violation of the plaintiff's rights. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978).

> A "custom" or "policy" can take one of three forms: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice, that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a "custom or usage" with force of law; or (3) an allegation that the constitutional injury was caused by a person with final policy-making authority.

*Brokaw v. Mercer County*, 235 F.3d 1000, 1113 (7th Cir. 2000). "Ordinarily, one incident is not sufficient to establish a custom that can give rise to *Monell* liability." *Williams v. Heavener*, 217 F.3d 529, 532 (7th Cir. 2000), citing *Calusinski v. Kruger,* 24 F.3d 931, 936 (7th Cir.1994).

Nothing in the second amended complaint suggests that Defendants Bell and Hackett's actions were the result of a policy or practice established or sanctioned by Sheriff Mollenhauer. Accordingly, Fisher has not stated an official capacity damage claim against the Sheriff.

CONCLUSION

For the foregoing reasons, the Court:

(1) **GRANTS** the Plaintiff's motion for leave to file an amended complaint (DE 86), and **DIRECTS** the Clerk to file the Plaintiff's second amended complaint (DE 86-1);

(2) **GRANTS** the Plaintiff leave to proceed against Defendants Hackett and Bell in their individual capacities for damages on his Fourteenth Amendment claim that they failed to protect him from

9

being attacked and injured on June 2, 2009, by inmates they knew posed a threat to the Plaintiff;

(3) **DISMISSES**, pursuant to 28 U.S.C. section 1915(b), all other claims, and **DISMISSES** Defendant Mollenhauer and the John Doe defendants;

(4) **DIRECTS** the Marshals Service to effect service of process on Defendants Hackett and Bell on the Plaintiff's behalf, and **DIRECTS** the Clerk's Office to ensure that a copy of this order is served on them along with the summons and second amended complaint; and

(5) Pursuant to 42 U.S.C. section 1997e(g)(2), **ORDERS** that Defendants Hackett and Bell respond to the second amended complaint as provided for in the Federal Rules of Civil Procedure.

**DATED: June 17, 2011**          **/S/RUDY LOZANO, Judge**
                                  **United States District Court**